UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| L.T. OVERSEAS, LTD, *Plaintiff*, v. DABUR INDIA, LTD, et al. *Defendants*. | Civil Action No.: 17-cv-4863 (PGS) **MEMORANDUM AND ORDER** |

This matter comes before the Court on Defendant Dabur International LTD, USA's motion to dismiss Plaintiff's Complaint against Defendants Dabur India LTD and Dabur International Dubai, pursuant Federal Rule of Civil Procedure 12(b)(2). (ECF No. 9). Plaintiff asserts state-law contract claims against Defendants. For the reasons set forth below, Defendant's motion is granted in part and denied in part.

### BACKGROUND

This case arises from a foreign company's alleged breach of contract. Plaintiff SLT Foods is a successor in interest to L.T. Overseas, Ltd. (hereinafter, "L.T. Overseas"), a New Jersey-based business. (Complaint at 1). In 2008, L.T. Overseas entered into a contract with Defendant Dabur International, LTD, USA, (hereinafter, "Dabur USA") to import goods manufactured by Dabur India, Ltd. (hereinafter, "Dabur India"). (*Id.* 2). Thereafter, Plaintiff claims Defendants breached the contract. (*Id.*). Specifically, Plaintiff alleges, "Defendants failed to distribute products as agreed upon through its United States representative, Dabur International, Ltd., USA and failed to compensate plaintiff for the stocking costs incurred under the parties' agreements and actions on those agreements." (*Id.*). As a result, Plaintiff claims to have incurred $206,991.00 in losses;

however, Defendants have apparently paid Plaintiff $61,486.00 as "partial payment on settlement" of Plaintiffs losses. (*Id.* at 4). As such, Plaintiff presently claims that $145,405.00 is "due and owing." (*Id.*).

According to the Complaint, Dabur India, is an Indian company with its principal place of business in Kaushambi, India. (*Id.* at 2). Dabur International Dubai, Ltd. (hereinafter, "Dabur Dubai") is a Dubai-based company with its principal place of business in Jebel Ali, Dubai. (*Id.*). Dabur USA is Chicago-based company, which was formerly located in Princeton, New Jersey. (*Id.* at 1-2).

In seeking to establish personal jurisdiction, Plaintiff attaches to its Brief in Opposition the sworn affidavit of the President of L.T. Overseas, Sandip Patel. (ECF. No. 12-1). According to the Patel affidavit, in 2005, Dabur USA opened an office in Princeton, New Jersey "for the marketing and sales of products to retailers." (*Id.* at ¶ 15). Two years later, in 2007, a Dabur USA representative offered L.T. Overseas an opportunity to serve as "stockist" of Dabur products. (*Id.* at ¶ 4). According to the agreement, L.T. Overseas served as a Dabur wholesaler and distributed Dabur products throughout New Jersey, the United States, and Canada. (*Id.* at ¶ 13). Patel claims that all business decisions and agreements between L.T. Overseas and Dabur USA were made by Dabur India. (*Id.* at ¶ 9). Moreover, according to Patel, L.T. Oversea's settlement agreement with Dabur USA, was overseen and approved by Dabur India. (*Id.* at ¶ 17). The Patel affidavit also describes the corporate structure of the Dabur-related entities: "In our dealings with these Dabur individuals and companies they acted like and held themselves out as a single entity 'Dabur Products' following the directors of a single hierarchy of the home based company. The actions and individual companies were not distinguishable." (*Id.* at ¶ 11).

Plaintiff brings five causes of action based on state law: (1) breach of contract; (2) "general equitable relief"; (3) breach of settlement agreement; (4) unjust enrichment; (5) wrongful appropriation. Defendants contend Plaintiff's Complaint should be dismissed, since it lacks personal jurisdiction over Dabur India and Dabur Dubai.

## LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 12(b)(2), a complaint may be dismissed for lack of personal jurisdiction. "If an issue is raised as to whether a court lacks personal jurisdiction over a defendant, the plaintiff bears the burden of showing that personal jurisdiction exists." *Marten v. Godwin*, 499 F.3d 290, 295-96 (3d Cir. 2007). "[C]ourts reviewing a motion to dismiss a case for lack of in personam jurisdiction must accept all of the plaintiff's allegations as true and construe disputed facts in favor of the plaintiff." *Carteret Sav. Bank, FA v. Shushan*, 954 F.2d 141, 142 n.1 (3d Cir. 1992). "The plaintiff must sustain its burden of proof through sworn affidavits or other competent evidence." *North Penn Gas Co. v. Corning Natural Gas Corp.*, 897 F.2d 687, 689 (3d Cir. 1990) (internal quotation marks and citation omitted). Moreover, "the plaintiff must establish either that the particular cause of action sued upon arose from the defendant's activities within the forum state ('specific jurisdiction') or that the defendant has 'continuous and systematic' contacts with the forum state ('general jurisdiction')." *Provident Nat'l Bank v. California Fed. Sav. & Loan Ass'n.*, 819 F.2d 434, 437 (3d Cir. 1987) (citations omitted).

Under Federal Rule of Civil Procedure 4(k), "a federal district court may assert personal jurisdiction over a nonresident of the state in which the court sits to the extent authorized by the law of that state." *Marten*, 499 F.3d at 296 (quoting *Provident Nat'l Bank*, 819 F.2d at 437). Pursuant to the New Jersey long-arm rule, N.J. Ct. R. 4:4-4(c), personal jurisdiction in New Jersey "extends to the limits of the Fourteenth Amendment Due Process protection." *Carteret Sav. Bank,*

*FA*, 954 F.2d at 145. Therefore, this Court is "constrained, under New Jersey's long-arm rule, only by the 'traditional notions of fair play and substantial justice,' inhering in the Due Process Clause of the Constitution." *Id.* (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). Those notions require that a defendant have certain minimum contacts with the forum state based upon the defendant's own purposeful availment "of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985).

## ANALYSIS

Defendants seek dismissal of Plaintiff's Complaint, as it relates to Dabur India and Dabur Dubai, since neither defendant has purposefully availed themselves to the State of New Jersey. Alternatively, Defendants contend that Dabur USA is not an "alter ego" of either Dabur India or Dabur Dubai, such that the court can exercise general jurisdiction.

*1. Specific Jurisdiction*

Plaintiff argues that the Court has specific jurisdiction over both Dabur India and Dabur Dubai since they have conducted business in New Jersey. Specifically, Plaintiff claims that given their dealings with L.T. Overseas, Dabur India and Dabur Dubai have multiple contacts with New Jersey as to exercise specific jurisdiction.

The Fourteenth Amendment permits a state to exercise jurisdiction over an out-of-state defendant only where "the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Burger King Corp.*, 471 U.S. at 475 (quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)). This "fair warning" requirement, "gives a degree of predictability to the legal system that allows potential defendants to structure their primary conduct with some minimum assurance as to where that

conduct will and will not render them liable to suit." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980).

To prove that the defendant has purposefully availed itself of that state, a plaintiff may rely upon a defendant's specific contacts with the forum state, commonly referred to as specific jurisdiction. *Id.* Specific jurisdiction is invoked when a claim is related to or arises of out the defendant's contacts with the forum. *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 416 (1984); *Dollar Sav. Bank v. First Sec. Bank of Utah*, 746 F.2d 208, 211 (3d Cir. 1984). A court must first determine whether the defendant had the minimum contacts with the forum necessary for the defendant to have "reasonably anticipate[d] being haled into court there." *World-Wide Volkswagen Corp.*, 444 U.S. at 297 (citations omitted). What constitutes minimum contacts varies with the "quality and nature of defendant's activity." *Hanson*, 357 U.S. at 253. "Where a forum seeks to assert specific jurisdiction over an out-of-state defendant who has not consented to suit there, this 'fair warning' requirement is satisfied if the defendant has 'purposefully directed' his activities at residents of the forum, and the litigation results from alleged injuries that 'arise out of or relate to' those activities." *Burger King*, 471 U.S. at 473 (internal quotation marks and citations omitted) (emphasis added).

In assessing the sufficiency of minimum contacts for personal jurisdiction, the court must focus on the "relationship among the defendant, the forum, and the litigation." *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 770 (1984) (internal quotation marks and citation omitted). This inquiry requires the court to consider three factors: (1) "the defendant must have 'purposefully directed [its] activities' at the forum"; (2) "the litigation must 'arise out of or relate to' at least one of those activities"; and (3) "if the prior two requirements are met, a court may consider whether

the exercise of jurisdiction otherwise 'comport[s] with fair play and substantial justice.'" *O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 317 (3d Cir. 2007) (citations omitted).

Here, even when construing the facts and allegations in Plaintiff's favor, the motion record, as presented, fails to demonstrate that either Dabur Dubai or Dabur India have the slightest contacts with New Jersey, such that would establish specific jurisdiction. First, with regards to Dabur Dubai, both the Complaint and the Patel affidavit are replete of any mention of Dabur Dubai. Besides identifying its principal place of business, Plaintiff fails describe any contacts or activity Dabur Dubai has engaged in within New Jersey that would support a finding of purposeful availment. Similarly, Plaintiff does not identify any conduct on Dabur India's part that would establish personal jurisdiction. According to the Complaint and the Patel affidavit, it was Dabur USA, not Dabur India, who contracted with Plaintiff to serve as a wholesaler and who partially settled its breach of contract. Moreover, Dabur India's purported status as a parent corporation, in and of itself, does not establish personal jurisdiction. *See Pearson v. Component Tech. Corp.*, 247 F.3d 471, 484 (3d. Cir. 2001) ("mere ownership of a subsidiary does not justify the imposition of liability on the parent"); *see also Lucas v. Gulf & Western Industries, Inc.*, 666 F.2d 800, 805-06 (3d. Cir. 1981) ("Generally, a foreign corporation is not subject to the jurisdiction of the forum state merely because of its ownership of the shares of stock of a subsidiary doing business in the state." (internal quotation marks and citation omitted)). Finally, the Court is unpersuaded by Plaintiff's reference to invoices between Dabur India and Dabur Dabuai, and L.T. Overseas, since Plaintiff does not allege that its present claims "arise out of or relate to" these invoices. *See Burger King*, 471 U.S. at 472; *see also Kim Ly Chea v. Wilhelm Fette GmbH*, No. 02-8667, 2004 U.S. Dist. LEXIS 1157, at *10-11 (E.D. Pa. Jan.7, 2004) (finding specific jurisdiction over a German defendant, where the invoice demonstrated the defendant's authorization to sell and deliver an

allegedly defective product to the plaintiff's former employer). Simply put, the contacts referenced in Plaintiff's brief only support the Court's exercise of specific jurisdiction over Dabur USA, not Dabur India or Dabur Dubai. Therefore, this Court will not exercise personal jurisdiction over Dabur India or Dabur Dubai based on specific jurisdiction.

*2. Alter Ego Jurisdiction*

Plaintiff next contends that personal jurisdiction exists over Dabur Dubai and Dabur India under an "alter ego" theory. Defendants contend Plaintiff has failed to produce any evidence demonstrating common ownership between Dabur Dubai, Dabur India, and Dabur USA, which would otherwise support a finding of alter ego jurisdiction.

In *Daimler AG v. Bauman*, 134 S. Ct. 746, 751 (2014), the Supreme Court held that "a court may assert jurisdiction over a foreign corporation, 'to hear any and all claims against [it]' only when the corporation's affiliations with the State in which suit is brought are so constant and pervasive 'as to render [it] essentially at home in the forum State.'" *Id.* (citing *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)). However, it is "'incredibly difficult to establish general jurisdiction [over a corporation] in a forum *other* than the place of incorporation or principal place of business.'" *Chavez v. Dole Food Co.*, 839 F.3d 205, 223 (3d Cir. 2016) (citing *Monkton Ins. Servs., Ltd. v. Ritter*, 768 F.3d 429, 432 (5th Cir. 2014) (emphasis added)).

Here, Plaintiff asserts personal jurisdiction exists over Dabur Dubai and Dabur India under an "alter ego" theory. Under this alter ego personal jurisdiction, "[t]he activities of a parent company are imputed to the subsidiary only if the subsidiary is the parent's agent or alter ego so that the independence of the separate corporate entities was disregarded." *Fisher v. Teva PFC SRL*, 212 F. App'x 72, 76 (3d Cir. 2006). "[F]actors which may have a bearing on the jurisdictional

issue are whether the subsidiary corporation played any part in the transactions at issue, whether the subsidiary was merely the alter ego or agent of the parent, and whether the independence of the separate corporate entities was disregarded." *Lucas*, 666 F.2d at 806.  This Circuit's alter ego test requires the court to consider the following factors:

> gross undercapitalization, failure to observe corporate formalities, nonpayment of dividends, insolvency of debtor corporation, siphoning of funds from the debtor corporation by the dominant stockholder, nonfunctioning of officers and directors, absence of corporate records, and whether the corporation is merely a facade for the operations of the dominant stockholder

*Pearson*, 247 F.3d at 484-85.

Here, Plaintiff has presented no evidence or allegations to show that a parent-subsidiary relationship exists between with Dabur Dubai and Dabur USA, nor has Plaintiff presented any evidence for which such a relationship could reasonably be inferred.  As such, Plaintiff has failed to demonstrate why the Court should exercise alter-ego jurisdiction over Dabur Dubai.  Therefore, because Plaintiff does not present a sufficient basis for which this Court could exercise jurisdiction over Dabur Dubai, the Court will grant Defendants' motion to dismiss as it relates to Dabur Dubai.

However, the same cannot be said for Dabur India.  In both the Complaint and the Patel affidavit, it is generally alleged that Dabur India maintained control over Dabur USA's functions and decisionmaking.  These allegations raise questions as to whether Dabur USA was truly independent of Dabur India; as such, at this stage, the Court finds that jurisdictional discovery should be conducted to clarify the entities' relationship.

**ORDER**

Having carefully reviewed and taken into consideration the submissions of the parties, as well as the arguments and exhibits therein presented, and for good cause shown, and for all of the foregoing reasons,

IT IS on this 27th day of November, 2017,

ORDERED that Defendants' Motion to Dismiss (ECF No. 9) is **GRANTED** in part and **DENIED** in part, as follows:

ORDERED that Defendants' Motion to Dismiss is **GRANTED** as to Dabur Dubai; and it is further

ORDERED that Defendants' Motion to Dismiss is **DENIED** without prejudice as to Dabur India; and it is further

ORDERED that jurisdictional discovery be conducted to resolve Dabur India's relationship with Dabur USA to be completed by March 1, 2018.

*s/Peter G. Sheridan*
PETER G. SHERIDAN, U.S.D.J.